Filed 12/15/25  P. v. Scott CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B343137 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No.  LA095324-01) |
| v. | |
| WAYNE SCOTT, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Alan Schneider, Judge.  Affirmed.

Teresa Biagini, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————

This is an appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Finding no error, we affirm.

## PROCEDURAL BACKGROUND

On September 20, 2022, the People filed an Information charging appellant Wayne Scott with stalking (Pen. Code, § 646.9, subd. (a)); three counts of making criminal threats (Pen. Code, § 422, subd. (a)); attempting to dissuade a witness (Pen. Code, § 136.1, subd. (a)(2);  and two counts of disobeying a court order (Pen. Code, § 166, subd. (a)(4)).  Factors in aggravation were alleged: a high degree of cruelty, viciousness and callousness in the commission of the offenses; inducing others to participate in the offenses; threatening and dissuading a witness from testifying; a criminal record showing increased seriousness of subsequent convictions; service of a prior term in prison.  (Cal. Rules of Court, rule 4.421(a), (b).)

The Information was based on evidence presented at the preliminary hearing held on September 1, 2022.  Scott was held to answer on the charges filed in the subsequent Information.  On December 8, 2022, Scott entered a plea of not guilty to all counts in the Information.

During pre-trial proceedings Scott filed several motions. He filed a motion for discovery of law enforcement personnel records pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 535, which was granted.  The court held an in camera hearing and found no responsive information to disclose.  Scott filed a motion to set aside information pursuant to Penal Code section 995, which was denied.  His bail was revoked when the trial court found he had violated his bond.  Bail was set at $2.5 million. Scott then filed a motion for bail modification, which resulted in release on his own recognizance.

2

On October 21, 2024 Scott moved for new counsel under *People v. Marsden* (1970) 2 Cal.3d 118. The trial court denied the motion because Scott was represented by private counsel.

That same day, Scott entered a plea of no contest to the stalking count and one of the criminal threats counts pursuant to a plea agreement. He admitted one aggravating factor (increasing seriousness of his prior convictions or juvenile petitions). The trial court accepted the plea and sentenced Scott to an agreed-upon term of four years imprisonment, suspended, with a 3-year term of probation. The remaining counts and allegations were dismissed pursuant to the plea agreement.

Scott filed a timely notice of appeal. The trial court partially granted Scott's request for a certificate of probable cause because he alleged he was appealing the denial of a motion to suppress evidence under Penal Code section 1538.5.

We appointed counsel for Scott on appeal. On September 18, 2025, counsel filed an opening brief pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436, asking this court to independently review the record for error.

On September 18, 2025, we notified Scott a no-issue brief had been filed on his behalf and he had 30 days to file a supplemental brief stating any grounds for an appeal, or contentions, or arguments he wishes us to consider. Scott did not file a supplemental brief.

## FACTUAL BACKGROUND

These facts are based on evidence presented at the preliminary hearing and were not admitted by Scott when he pled no contest.

Scott and the victim Carmen D. met in 2021 on a dating website and began an intimate sexual relationship. On July 21, 2021, they were at his townhouse when Carmen refused to participate in sex with Scott and his female roommate. Scott, upset, ordered Carmen to leave. She left. Over the next few days, Scott and Carmen exchanged text messages. Scott told her she was "difficult to train" and was not submissive.

On August 1, 2021, Scott called Carmen and told her he would have someone pick her up in a vehicle and break her legs or kill her and she should see him one more time to have sex with him. Carmen said she was going to call the police, whereupon Scott said the police could not help or save her. He told Carmen he paid people to hurt others.

On August 2, 2021, Carmen received the following message from Scott's phone number: "You will pay for this. Stay tuned." Carmen, afraid, reported the incident to the police and obtained a restraining order.

On August 3, 3021, LAPD Detective Timothy Wolleck called Scott, who denied threatening Carmen. Scott said Carmen had lied and had to pay the price; it was out of his hands. Scott also said Carmen had to learn a lesson and that he hopes she survives "whatever is going to happen" to her. He then disconnected the call.

A few minutes later, Carmen received a text message from Scott's number, stating: "Having your friend call [my] phone number can't save you. You have now made this even worse." Carmen told him she was leaving Los Angeles. She received this response: "You are a dead bitch, no matter where you run to." Carmen then received a text message listing her own home address. Carmen, afraid, called Detective Wolleck who

4

immediately contacted Scott. During the conversation, Scott said to Wolleck: "[Y]es, come out [to my home] and get your head blown off." Scott also said he was going to track down Wolleck and kill him. Wolleck, fearful, reported the threat to his superiors. They assigned Wolleck a shotgun which he had at his home for the next month.

Later that night, LAPD Detective Paul Bowser spoke to Scott who confirmed the threats he had made to Carmen and Wolleck and added that police needed to have their heads blown off and their bodies thrown into the ocean.

On August 5, 2021, police executed a search warrant at Scott's home and arrested him. Police seized several cell phones during the search. In January 2022, Scott called Carmen and asked her if there was anything that could be done to make the case go away.

Scott presented evidence at the preliminary hearing that Carmen initiated telephone calls to Scott during this time period, Scott's female roommate initiated several of the threatening texts coming from Scott's phone number, and Carmen told Scott she would agree not to testify at trial if he would stop scaring her.

We have examined the record and are satisfied counsel on appeal fully complied with his responsibilities and no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

STRATTON, P. J.

We concur:

WILEY, J.

VIRAMONTES, J.